### S03A1149. BROWNLOW v. SCHOFIELD.
(587 SE2d 647)

BENHAM, Justice.

Herschel E. Brownlow was indicted for two counts of aggravated child molestation, two counts of aggravated sexual battery, and one count of child molestation. One of the aggravated child molestation counts alleged that Brownlow placed his mouth on the penis of his grandson, C.T. Ten days prior to trial, C.T. was interviewed by the prosecuting attorney and was asked whether his grandfather put his mouth on his penis. C.T. responded by shaking his head negatively. Because of that response, the prosecutor considered dropping that count of the indictment, but ultimately allowed the count to remain. Although the prosecutor informed the defense of some inculpatory allegations made during that interview, he did not inform the defense of C.T.'s negative response. The defense was told of, and the jury was shown, an earlier videotaped interview in which C.T. denied that any improper touching occurred. When C.T. was asked at trial about the details of what occurred between him and his grandfather, he testified to all the events recited in the indictment, including testimony that his grandfather put his mouth on his penis, but no testimony was elicited regarding C.T.'s negative response ten days before trial. Brownlow was convicted and his convictions and sentences were affirmed on appeal. *Brownlow v. State*, 248 Ga. App. 366 (544 SE2d 472) (2001). Following affirmance of the convictions, the prosecuting attorney revealed to the defense the previously suppressed negative response. At the hearing on Brownlow's subsequent habeas corpus petition, the prosecuting attorney admitted he knew that C.T.'s nonverbal response was a denial that an act of oral sodomy had occurred. The habeas court concluded that the suppression of the evidence did not require the grant of habeas corpus relief and denied Brownlow's petition. Brownlow's application to this Court for a certificate of probable cause to appeal was initially denied, but we vacated the prior order on motion for reconsideration and granted Brown-

low's application, posing the following question:

> In a habeas corpus case wherein the petition relies on *Brady v. Maryland*, 373 U. S. 83 [(83 SC 1194, 10 LE2d 215)] (1963), is the habeas court authorized to deny relief where the prosecutor failed to disclose evidence which is favorable to the defense, but which is weaker than similar exculpatory evidence which was admitted at trial?

1. The question posed in our order granting Brownlow's application for a certificate of probable cause to appeal relates to the habeas court's reference to *Kyles v. Whitley*, 514 U. S. 419 (115 SC 1555, 131 LE2d 490) (1995). Citing the holding in that case that suppressed evidence was to be "considered collectively, not item by item," (id. at 436), the habeas court concluded that since the jury had already been informed of C.T.'s inconsistent statements, there was no reasonable probability that the outcome would have been different had the evidence not been suppressed. However, taken in context, the holding in *Kyles* that courts must consider the "cumulative effect of suppression" (id. at 437) refers only to how a court is to consider a number of suppressed items of evidence, and does not call for a comparison of the relative strengths of disclosed versus undisclosed evidence. Accordingly, our answer to the question posed in this appeal is that the habeas court is not authorized to deny relief on the basis of a finding that a particular piece of suppressed evidence is "weaker" than similar disclosed evidence, but is to consider whether a reasonable probability exists that the outcome of the proceeding would have been different had the suppressed evidence, considered collectively, been disclosed to the defense. In the present case, we deal with a single item of suppressed evidence, so the collective or cumulative consideration mentioned in *Kyles* is not a factor in the resolution of this case.

2. The standard to be applied in cases such as the present case has been established in this Court's previous decisions. "Where a prosecutor suppresses evidence favorable to the defense, the State violates the defendant's due process rights. [Cits.]" *Zant v. Moon*, 264 Ga. 93, 100 (3) (440 SE2d 657) (1994). To prevail on a claim of denial of due process based on the State's suppression of evidence favorable to the defense, a defendant must show "that the State possessed evidence favorable to the defendant; the defendant did not possess the evidence nor could he obtain it himself with any reasonable diligence; the prosecution suppressed the favorable evidence; and had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceeding would have been different. [Cit.]" *Gulley v. State*, 271 Ga. 337, 341-342 (5) (519 SE2d 655) (1999).

Applying the standard set out above, we observe that there is no question concerning the first and third factors: C.T.'s denial that Brownlow committed oral sodomy was favorable to the defense because it was impeaching of his contrary testimony at trial (*Byrd v. Owen*, 272 Ga. 807 (1) (536 SE2d 736) (2000)), and the prosecuting attorney knew of C.T.'s denial; and the district attorney did not inform the defense of the negative response. However, the habeas court held that the second and fourth factors were not satisfied.

In the order denying relief, the habeas court held that Brownlow did not satisfy the second factor (the defendant did not possess the evidence nor could he obtain it himself with any reasonable diligence) because he "obtained evidence of the prior inconsistency during trial, albeit not of the particular statement made ten (10) days before trial." It is apparent from this statement that the habeas court was attempting to apply the standard to the entire category of contradictory statements by the witness rather than to the particular evidence suppressed by the State. The record is clear, however, that the defense was unaware of the existence of C.T.'s negative response during the interview ten days before trial and had no means of discovering that response. The habeas court's holding that the second factor of the standard was not satisfied is, therefore, erroneous.

The remaining issue concerns the fourth factor in the standard, whether there exists a reasonable probability that the outcome of the proceeding would have been different had the suppressed evidence been disclosed.

> The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. A "reasonable probability" of a different result is accordingly shown when the government's evidentiary suppression "undermines confidence in the outcome of the trial."

*Nikitin v. State*, 257 Ga. App. 852, 856 (1) (c) (572 SE2d 377) (2002).

The only evidence of Brownlow's guilt of the count alleging oral sodomy was C.T.'s testimony. It is thus apparent that C.T.'s credibility was a key factor in the conviction. Although the jury was informed that the witness once denied that Brownlow committed that particular offense, it did not know that the witness, just ten days before trial, had also made another negative response to a question going to the heart of the offense. The potential harm of the suppression of the evidence is exacerbated by the fact that the suppressed evidence not only concerned the witness's credibility in general, but also tended to negate an essential element of the offense. While the jury may have

reached the same verdict even if the suppressed evidence had been disclosed, we cannot reach that conclusion without extensive speculation regarding the effect on the jury's deliberations of more than one contradictory statement by the only witness to the crime. The need to rely on such speculation undermines confidence in the outcome of the trial. Under those circumstances, we conclude there exists a reasonable probability that the result of the trial would have been different as to the count of the indictment involved here. That being so, the suppression of C.T.'s negative response to the prosecuting attorney's question regarding the occurrence of oral sodomy constituted a *Brady* violation and requires reversal of Brownlow's conviction on the count of the indictment alleging oral sodomy.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 20, 2003.

*Gregory, Christy & Maniklal, Hardy Gregory, Jr., Cook & Connelly, Bobby Lee Cook, Tucker, Everitt, Long, Brewton & Lanier, Thomas W. Tucker*, for appellant.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Plunkett, Shepard, Plunkett & Hamilton, Daniel W. Hamilton*, for appellee.