A06A2300. JACKSON v. THE STATE.
(644 SE2d 491)

BARNES, Chief Judge.

Bradley Duane Jackson appeals the denial of his motion for new trial following his convictions for trafficking in cocaine, possession of cocaine with the intent to distribute, possession of marijuana less than one ounce, two counts of possession of a firearm during the commission of a crime, attempting to elude, stop sign violation, and giving a false name. Upon our review, we affirm his convictions.

1. Jackson contends that the evidence was insufficient to sustain his convictions for trafficking in cocaine, possession of cocaine with the intent to distribute, possession of marijuana, and possession of a firearm during the commission of a crime. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and Jackson no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in the light most favorable to the verdict, the evidence showed that when an officer attempted to stop a vehicle that Jackson was driving for running a stop sign, Jackson sped away and attempted to elude the officer. The officer turned on his siren and blue lights, and followed as Jackson drove his car erratically, swerving in and out of traffic. Jackson hit the curb, "skidded out," and came to a stop on the sidewalk. The passenger jumped out and ran into a wooded area, and Jackson attempted to follow him out of the passenger side, but police prevented him from escaping. Jackson told police that his name was Deshaun Walker. The police officer who chased and captured the passenger testified that, when he brought the passenger back to the car, he noticed a "large amount of narcotics beside the passenger side open door." The officers searched the car and recovered a loaded handgun from the front passenger floorboard, and a

scale. They also recovered thirty-five bags of white powder, which were later determined to hold a total of 79.22 grams of 87.7 percent pure cocaine, and eight bags containing about twenty-one grams of marijuana. Jackson had $1,755 in cash on his person. The passenger testified that he flagged Jackson down for a ride after he had a disagreement with his girlfriend. He knew Jackson, but had not seen him in several years, and he did not know that there were drugs or a gun in the car.

The State introduced evidence of four similar transactions — a 1993 conviction for possession of cocaine with the intent to distribute, a 1996 conviction for possession of cocaine with the intent to distribute and giving a false name, a 2001 arrest for possession of cocaine and marijuana and giving a false name, and a 2003 arrest when Jackson was discovered in an apartment with a trafficking amount of cocaine and a scale.

Jackson argues that his convictions for possession of the drugs and gun must be overturned because the State presented no direct evidence that he ever had actual possession of the items, and the circumstantial evidence relied on by the State was insufficient to show constructive possession because he did not own the car.

Possession may be either actual or constructive. *Uriostegui v. State*, 269 Ga. App. 51, 53 (603 SE2d 478) (2004). Constructive possession exists where a person "though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing." (Punctuation and footnote omitted.) *Meridy v. State*, 265 Ga. App. 440, 441 (1) (594 SE2d 378) (2004). "To warrant a conviction on circumstantial evidence, the proved facts need exclude only *reasonable* hypotheses — not bare possibilities that the crime could have been committed by someone else. And questions of reasonableness are generally decided by the jury." (Punctuation and footnotes omitted.) *Jackson v. State*, 281 Ga. App. 83, 84-85 (1) (635 SE2d 372) (2006). See *Wright v. State*, 279 Ga. App. 299 (1) (630 SE2d 774) (2006) ("As long as there is slight evidence of access, power, and intention to exercise control or dominion over an instrumentality, the question of fact regarding constructive possession remains within the domain of the trier of fact.") (punctuation and footnote omitted).

While certainly mere presence at the scene of a crime is insufficient to establish possession of contraband, *Hodges v. State*, 277 Ga. App. 174 (626 SE2d 133) (2006), here there was evidence to establish more than presence alone. Jackson was driving a car that belonged to his sister, who testified that there was no cocaine, marijuana, or a gun in her car before Jackson took it. The passenger's girlfriend corroborated the passenger's story that they were together until they had an argument and he got out of the car. It was for the jury to decide how

to weigh and view that evidence, and we will not disturb their judgment unless it is "[in]supportable as a matter of law." (Footnote omitted.) *Jackson*, supra, 281 Ga. App. at 84-85 (1). We find, however, that this evidence when coupled with evidence of Jackson's prior drug offenses was sufficient to establish that he possessed the contraband at issue and thus to support his convictions. See id.

2. Jackson also claims that Count 6 of the indictment charging him with eluding police is fatally defective because it does not charge that he was attempting to elude a "pursuing" police officer. We find no merit to this argument.

> [B]ecause a general demurrer attacks the legality of an indictment, it is permissible to raise this ground after verdict by a motion in arrest of judgment even if there was no earlier objection. A motion in arrest asserts that the indictment contains a defect on its face affecting the substance and real merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of a crime. A motion in arrest of judgment or habeas corpus are the only remedies available when no demurrer to the indictment is interposed before judgment is entered on the verdict.

(Citations and punctuation omitted.) *Harris v. State*, 258 Ga. App. 669, 670-671 (1) (574 SE2d 871) (2002). Thus, this claim is not properly before us because Jackson failed to object to the indictment in any manner before or during trial and did not move to arrest the judgment after his conviction.

Moreover, the relevant statute, OCGA § 40-6-395 (a), provides: "[A]ny driver of a vehicle [who] willfully ... fail[s] or refuse[s] to bring his ... vehicle to a stop[,] or [who] otherwise ... flee[s] or attempt[s] to elude a pursuing police vehicle ... when given a visual or an audible signal to bring the vehicle to a stop," commits a felony when he flees from a pursuing officer in an attempt to escape arrest for a felony and he drives more than 30 mph over the speed limit, collides with another vehicle or pedestrian, flees in traffic conditions which place the general public at risk of serious injuries, or leaves the state. OCGA § 40-6-395 (b) (5) (A). The indictment stated that Jackson,

> while attempting to escape arrest for a felony offense of V. G. C. S. A., involving possession of cocaine, did willfully fail and refuse to bring his vehicle to a stop after having been given a visual signal by emergency lights and audible signal by siren, by [the officer] ... in uniform prominently displaying his badge of office and in an appropriately marked official

police vehicle, and did flee in traffic conditions which placed the general public at risk of receiving serious injuries.

An accusation or indictment is not subject to a general demurrer unless there is a defect so extreme that the defendant can admit the charge as made and still be innocent. *State v. Jones*, 251 Ga. App. 192, 193 (553 SE2d 631) (2001). The indictment tracks the statutory definition of felony eluding an officer except for the term "pursuing." The true test of the sufficiency of the indictment is not

whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. [Cits.]

(Punctuation omitted.) *State v. Black*, 149 Ga. App. 389, 390 (2) (254 SE2d 506) (1979). We find that the indictment provided sufficient notice of the charge that the omission of the term "pursuing" did not prove prejudicial to Jackson's presentation of his defense.

3. Jackson also complains that the trial court erred in admitting evidence of similar transactions, arguing, among other things, that the evidence was insufficient in two of the offenses to show that he had committed the crimes, and that the other offenses were not similar to the one for which he was on trial. We do not agree.

As noted above, the trial court held a hearing on the admissibility of similar transaction evidence under Uniform Superior Court Rule 31.1, and admitted similar transaction testimony for the limited purpose of bent of mind and course of conduct of a 1993 conviction for possession of cocaine, a 1996 conviction for possession of cocaine with intent to distribute and giving a false name, and two pending cases where, upon the execution of a search warrant, Jackson was found in apartments with cocaine and a scale. One of the arrests occurred after the offense for which he was presently on trial. He gave a false name in both of the latter transactions and an earlier conviction.

We will reverse a trial court's decision to admit evidence of a similar transaction only if the court has abused its discretion. *Mangham v. State*, 234 Ga. App. 567, 569 (1) (507 SE2d 806) (1998). Before similar transaction evidence is admitted, the State must generally show three things.

First, the State must demonstrate that it seeks to introduce such evidence for an appropriate purpose, such as illustrating appellant's identity, intent, course of conduct and bent of mind; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; and third, the State must demonstrate a sufficient connection [or] similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. [Cit.]

*Dunbar v. State*, 228 Ga. App. 104, 107-108 (2) (491 SE2d 166) (1997). Although Jackson points to a number of differences between the crimes, our Supreme Court has held that "[t]he proper focus is on the similarity, not the differences, between the separate crimes and the crime in question. [Cit.]" *Wayne v. State*, 269 Ga. 36, 39 (3) (495 SE2d 34) (1998).

In all four transactions, Jackson either possessed cocaine or was in direct proximity to cocaine. He possessed scales in three of the offenses, including the one for which he was on trial. He gave the police a false name in all of the offenses, except his 1993 arrest. Moreover, "[i]f the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." *Bailey v. State*, 259 Ga. App. 293, 297 (5) (576 SE2d 668) (2003). This is true even when similar transaction evidence involves a smaller amount or a different illegal drug. See *Smith v. State*, 263 Ga. App. 76, 80 (2) (587 SE2d 226) (2003). We find the trial court's determination that the crimes were sufficiently similar is supported by the record.

Although Jackson complains that the trial court's charge on similar transaction evidence did not fully address the State's burden, "the charge as given did not fail to provide the jury with such guidelines, and [Jackson] waived any other error by failing to request the charge in writing. [Cit.]" *Phillips v. State*, 269 Ga. App. 619, 629 (7) (604 SE2d 520) (2004).

4. Jackson contends that the State failed to disclose material evidence in violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

The evidence shows that after police seized the $1,755, the State initiated forfeiture proceedings concerning the money. Jackson's ex-girlfriend apparently contacted the State and claimed $1,600 of the forfeited money alleging that she gave Jackson $1,600 for a down payment on a car. Pursuant to a settlement order, the State released $500 of the proceeds to the woman and the remainder was forfeited.

During the trial, Jackson's attorney told the trial court that Jackson had just told her about a woman who gave him $1,600, and that the woman apparently had given a statement "in relation to trying to retrieve the money." Jackson continued that he had never gotten that discovery from the State, and wanted to know if the State "had knowledge of that statement in its file or in a civil file regarding forfeiture." The assistant district attorney trying the case responded that he had never heard of the woman and knew nothing about the statement. He also was not sure if there had been a civil forfeiture action. Jackson said that the ADA was "very good about disclosing whatever he's got," and that he would check into the statement and call the woman as a witness. He added that he brought it up because he did not want the State to think "I had additional witnesses or anything like that."

> To prevail on a claim of denial of due process based on the State's suppression of evidence favorable to the defense, a defendant must show that the State possessed evidence favorable to the defendant; the defendant did not possess the evidence nor could he obtain it himself with any reasonable diligence; the prosecution suppressed the favorable evidence; and had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceeding would have been different.

(Citation and punctuation omitted.) *Brownlow v. Schofield*, 277 Ga. 237, 238 (2) (587 SE2d 647) (2003).

There is no *Brady* violation where, as here, "the information sought becomes available to the accused at trial. [Cit.]" *Burgeson v. State*, 267 Ga. 102, 104 (2) (475 SE2d 580) (1996). Moreover, even if Jackson carried his burden to prove all the elements of a *Brady* violation, he failed to carry his burden to prove the prejudice prong of his claim. *Watkins v. State*, 276 Ga. 578, 583 (4) (581 SE2d 23) (2003). In this regard, Jackson had the burden to show that "a reasonable probability exists that the outcome of the trial would have been different had the evidence been disclosed." Id. This he did not do.

5. Jackson next contends that the denial of his motion to sever denied him a fair trial. We do not agree.

> The grant or denial of a motion to sever is within the discretion of the trial court and absent an abuse of discretion, denial of a motion to sever is not grounds for reversal. The burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would

give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process.

(Citation and punctuation omitted.) *Stevens v. State*, 210 Ga. App. 355, 356 (2) (436 SE2d 82) (1993). The factors a trial court must weigh in considering a motion to sever are: (1) whether the number of defendants will create confusion as to the evidence and the law applicable to each, (2) whether there is a danger that evidence admissible against one defendant will be considered against the other despite the court's instructions, or whether the strength of the evidence against one defendant will engulf the other with a "spill-over" effect, and (3) whether the defendants' defenses are antagonistic to each other or to each other's rights. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975).

Jackson contends that the severance should have been granted because of the "introduction of bad character evidence against [him] and antagonistic defense." He argues that the fact that his co-defendant testified that Jackson was a "drug dealer, threatened harm to his mother, and threatened harm to him both prior to and at trial," required a severance. "[T]he mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials." (Citation and punctuation omitted.) *Hill v. State*, 212 Ga. App. 448, 449 (1) (442 SE2d 298) (1994). "[H]arm due to the failure to sever must be shown. [Cit.]" *Heard v. State*, 274 Ga. 196, 199 (5) (552 SE2d 818) (2001).

Jackson makes no showing of this harm. Moreover, he does not point to any testimony or other evidence introduced at the joint trial that could not have been introduced against him in a separate trial. *Jordan v. State*, 210 Ga. App. 30, 31 (1) (435 SE2d 256) (1993).

6. Jackson contends that his right to confrontation under the Sixth Amendment was violated when his counsel was not permitted to cross-examine co-defendant concerning his possible punishment. The record reveals that the trial court directed Jackson's counsel to not reference the words "prison, probation, any sentence, anything like that."

We find no abuse of discretion in the trial court's ruling. "The mere fact that [Jackson] was unable to ask [his co-defendant] to conjecture about possible punishment did not diminish [Jackson's] attempt to show [his co-defendant's] motive for testifying on behalf of the State, and did not amount to an abuse of the trial court's discretion. [Cit.]" *Hodo v. State*, 272 Ga. 272, 275 (4) (528 SE2d 250) (2000). The trial court held that "you can ask him the question about you are trying to better your situation and get the point across, you can ask him about did he think about a deal or what he might be able to work or maneuver for himself, how he was looking out for himself."

7. Jackson next contends that the trial court erred in failing to charge the jury on his sole defense of mere presence. He argues that the failure to do so constitutes reversible error even without a request, timely objection, or reserving objection.

> Here, the trial court instructed the jury on the State's burden of proving each element of the crime beyond a reasonable doubt, the jury's burden to acquit if the State failed to meet this burden, the presumption of innocence, the jury's duty to resolve the credibility of witnesses, and the difference between direct and circumstantial evidence. [The charge as a whole therefore] adequately explained the principles contained in charges on mere presence. . . . [Cit.]

*Garvin v. State*, 283 Ga. App. 242, 245 (3) (b) (641 SE2d 176) (2007).

8. Jackson's contention that he was not tried by an impartial jury is meritless. The record shows that during deliberations a senior trial judge was sitting in for the trial judge when a juror sent a note to the trial court asking if "either of the defendants have general information, name, address, work schedule, et cetera, about any of the jurors." The trial court responded that the defendants did not, and that the jury selection list had some biographical information, but that it was destroyed at the end of the trial. One juror expressed additional concern, and the judge asked that he be brought in the courtroom, at which time the juror was asked to express his concerns in writing. The trial court read his question:

> My place of employment was made known to the defendants by a question [the State] asked [the juror], where do you work, and then he says I work at blank. [Jackson's counsel] asked me did I have children and what were, what was their ages. The defendants know where I work and the ages of my boys. Now they can have me hurt if that be the case.

The trial court asked the juror if the information he communicated affected his ability to deliberate in the case, and the juror responded that it did not. There was no objection to the trial court's actions, and therefore Jackson waived this issue. "A party may not complain on appeal of a ruling that he contributed to or acquiesced in by his own action. . . ." (Footnote omitted.) *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997).

9. Jackson also contends that character evidence was erroneously admitted. However, during the trial Jackson either failed to object to admission of any of these statements or objected to the

admission on other grounds, and thus we are precluded from considering these objections. *Crawford v. State*, 267 Ga. 543, 545 (6) (480 SE2d 573) (1997); *Sieveking v. State*, 220 Ga. App. 218, 220 (2) (469 SE2d 235) (1996).

Jackson complains that the detective's testimony that the gun in his car was stolen impermissibly put his character into evidence. However, the record reflects that he only objected to the testimony as hearsay. Thus, this error is waived. During cross-examination of a witness, the State mentioned Jackson's earlier incarceration; however, Jackson did not object to this statement. A police officer testifying about Jackson's arrest said that when he makes an arrest, he runs a criminal history. There was no objection to this statement, and thus Jackson waived this objection on appeal. During the co-defendant's testimony, he was asked if he knew what Jackson did for a living, Jackson objected, and the trial court sustained the objection. There was no error. Jackson's co-defendant testified that Jackson threatened to harm his mother if he did not claim the drugs, and that he was afraid for his mother. Jackson did not object to the testimony, and thus waived this objection.

10. Jackson argues that he was erroneously sentenced as a recidivist. We do not agree.

"[T]he trial court has the discretion to impose sentence within the parameters prescribed by the statute and if the sentence is within the statutory limits, the appellate courts will not review it." (Citation and punctuation omitted.) *Holland v. State*, 232 Ga. App. 284, 285 (2) (501 SE2d 829) (1998).

Here, Jackson was found guilty of possessing cocaine with the intent to distribute. Before sentencing, the State introduced three prior felony convictions in aggravation of sentencing pursuant to OCGA § 17-10-2 (a). Given Jackson's prior drug convictions and the mandate of OCGA § 17-10-7 (c), he faced a maximum punishment of life in prison under OCGA § 16-13-30 (d). He was sentenced to 30 years in prison. Because this sentence is within the statutory guidelines, we decline to review it. See *Taylor v. State*, 261 Ga. App. 248, 249 (3) (582 SE2d 209) (2003).

11. Jackson contends that the trial court erred in denying his motion for new trial based on what he maintains were numerous instances of ineffective assistance of counsel. To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), Jackson must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result would have been different but for the deficiency. *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997). "[A] court need not determine whether trial counsel's performance was

deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiency." (Footnote omitted.) *Walker v. State*, 268 Ga. App. 669, 673 (4) (a) (602 SE2d 351) (2004). The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous. *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001). Additionally, a court is not required to address the performance portion of the inquiry before the prejudice component or even to address both components if the defendant has made an insufficient showing on one. See *Grier v. State*, 276 Ga. App. 655, 661 (4) (624 SE2d 149) (2005).

It is Jackson's burden to prove that, but for his trial counsel's alleged failures, there is a reasonable probability that the outcome of his trial would have been different. *Hines v. State*, 277 Ga. App. 404, 409 (2) (626 SE2d 601) (2006). Here, Jackson has not attempted to demonstrate that the outcome of his trial would have been any different if counsel had pursued the course of action he now says should have been followed. He merely claims that had trial counsel provided effective assistance "the result of the proceeding would have been different." Without a showing of prejudice, we will not set aside the trial court's order denying his motion for new trial based on ineffective assistance of counsel. See *Shelley v. State*, 239 Ga. App. 841, 842-843 (4) (521 SE2d 855) (1999).

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

Decided March 28, 2007 — ▮▮▮▮▮▮▮▮▮▮

*Sanford A. Wallack*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.