A09A0654. McDANIEL v. THE STATE.
(680 SE2d 593)

BARNES, Judge.

Christopher McDaniel appeals his conviction for aggravated assault and possession of a firearm during the commission of a crime. He contends the trial court erred by denying his motion in arrest of judgment to both crimes because the indictment failed to allege any of the elements of the offenses. He relies upon OCGA § 17-9-61 (a): "When a judgment has been rendered, either party may move in arrest thereof for any defect not amendable which appears on the

face of the record or pleadings." McDaniel alleges that the aggravated assault charge against him only alleged that he "did unlawfully make an assault upon the person of [the victim], a non-sibling living in the same household, by shooting said victim," and did not specify what means or object he used to shoot the victim. Therefore, he contends that his convictions should be reversed because he could admit the charge as made and still be innocent. We disagree, and affirm McDaniel's convictions.

The record shows that McDaniel made no pretrial motion about the wording of the indictment or any demurrer, special or general. Further, the defense raised no issue before trial about the wording of the indictment, and did not assert that the wording of the indictment affected its trial preparation. After McDaniel was convicted, however, he filed a motion for new trial and a motion in arrest of judgment challenging the wording of the indictment and asserting that he could admit the matters alleged and still be innocent. The trial court denied the motions.

The entire statement of the charge in the indictment says the following:

> In the name and behalf of the citizens of Georgia, [the grand jurors] charge and accuse CHRISTOPHER MCDANIEL with the offense of AGGRAVATED ASSAULT . . . in the County and State aforesaid, on the 17TH day of JUNE, Two Thousand Seven, [he] did unlawfully make an assault upon the person of [the victim], a non-sibling living in the same household, by shooting said victim, contrary to the laws of said State, the good order, peace and dignity thereof.

"The purpose of an indictment is to enable the defendant to prepare his defense intelligently and to protect him from double jeopardy." (Footnote omitted.) *State v. Barnett*, 268 Ga. App. 900 (1) (602 SE2d 899) (2004). An indictment is technically correct and sufficient if it states the offense in the terms and language of the Code or in language so plain that jurors understand the nature of the charged offense. OCGA § 17-7-54 (a). Under our law,

> [t]he true test of the sufficiency of an indictment to withstand a general demurrer, or a motion to quash, is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective. If the indictment is fatally defective, the sufficiency of the indictment can be questioned by general demurrer or by motion in arrest of judgment. Exceptions which go to the form of an indictment

must be made by special demurrer or motion to quash. In line with the fact that a general demurrer attacks the legality of an indictment, it is permissible to raise this ground after verdict by a motion in arrest of judgment even if there was no earlier objection. Such a motion in arrest asserts that the indictment contains a defect on its face affecting the substance and real merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of the crime. In contrast, a special demurrer is waived if not raised before pleading to the merits of the indictment.

(Citations and punctuation omitted.) *State v. Eubanks*, 239 Ga. 483, 485-486 (238 SE2d 38) (1977). An allegation that an indictment was deficient because it did not contain all the essential elements of the crime is, in essence, a special demurrer seeking greater specificity. *Stinson v. State*, 279 Ga. 177, 180 (611 SE2d 52) (2005). The failure to file a timely special demurrer seeking additional information constitutes a waiver of the right to be tried on a perfect indictment. Id. See OCGA § 17-7-110 ("All pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court.").

In this case McDaniel could not admit the allegations of the indictment without admitting that he was guilty of a crime because the indictment alleged that he was guilty of an aggravated assault by shooting the victim. The only way he could be guilty of an aggravated assault is by shooting her with a deadly weapon, or with a means likely to result in serious bodily injury, or by discharging a firearm from within a motor vehicle toward her. See OCGA § 16-5-21 (a) (2) and (3). In all of those cases he would be guilty of a crime.

If McDaniel wanted to challenge the indictment's lack of specificity, he was required to file a timely special demurrer. Having failed to do so, however, he waived his right to be tried on a perfect indictment. *Smith v. State*, 277 Ga. 213, 214 (2) (a) (586 SE2d 639) (2003). Further, after a verdict, no prejudice being shown, it is enough that necessary facts appear in any form, or by fair construction can be found within the terms of the accusation. *Buchanan v. State*, 264 Ga. App. 148, 151 (2) (589 SE2d 876) (2003).

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JUNE 25, 2009.

*Jackie G. Patterson*, for appellant.

YALE LAW LIBRARY

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney,* for appellee.