A10A0394. HUNT v. THE STATE.
(695 SE2d 53)

MILLER, Chief Judge.

Following a jury trial, Jimmy Dee Hunt was convicted of five counts of sexual exploitation of children (OCGA § 16-12-100). Hunt appeals, arguing that (i) the trial court erred in denying his motion in limine to exclude photographs contained on a USB thumb drive by shifting the State's burden of proof to him, in effect, requiring that he prove the inadmissibility of the photographs, and (ii) the evidence was insufficient to support his convictions. Finding no error in the trial court's denial of Hunt's motion in limine, and that sufficient evidence exists to support his convictions, we affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the evidence shows that Hunt was a registered guest in Room 508 at the Best Western Hotel in College Park from June 23-28, 2007. In August 2007, a housekeeper found a USB Kingston thumb drive ("USB

drive") on the fifth floor of the hotel, and turned it in to the hotel's lost and found area. After determining that the USB drive did not belong to any of the hotel guests, Carlita Leonard, a front desk clerk, took the USB drive home for her daughter to use. On August 10, 2007, Leonard's daughter inserted the USB drive into a friend's computer, and when she opened the USB drive, she observed photographs of children. Leonard immediately contacted the police.

Detective Antoine Redding of the City of College Park Police Department confirmed that images depicting underage children engaged in various sexual acts were stored on the USB drive as well as two photographs of a man, later identified as Hunt. The USB drive also contained several files entitled "d.b.a., Jimmy Hunt" or referencing a business affiliated with Hunt, which Detective Redding was unable to open due to the file's format.

Pursuant to Detective Redding's request for assistance, Detective Ernest Ward of the Jonesboro Police Department in Arkansas obtained a search warrant to search Hunt's home in Paragould, Arkansas to seize Hunt's computers, equipment capable of storing media or internet communications, floppy drives, CDs, and cameras. Detective Ward searched Hunt's home and discovered several computers, including a laptop computer, a second Kingston thumb drive, a portable hard drive, a Kodak digital camera, two floppy disks, a wireless mouse, and various cables. Detective Ward testified that he met with Hunt, who later came to the police station to pick up his computers, and learned that Hunt was the owner of a Mister Appliance dealership in Paragould, Arkansas.

Jonathon Sims, a forensic computer specialist, testified that he conducted a forensic examination of the USB drive found at the Best Western, and determined that on April 15, 2007 at 9:48 a.m., thirteen pornographic images of children were saved to the USB drive. Within seconds thereafter, two photographs of Hunt, dated April 14, 2007, were also saved to the USB drive. Sims also testified that on April 29, 2007, two images of naked children were saved to the USB drive at 11:48 a.m. Six files, which included the name Jimmy Hunt or one of his businesses, were saved to the USB drive at 11:52 a.m. on April 29, 2007, and four of these files listed the name of Hunt's business, Mister Appliance.

Prior to the trial, Hunt filed a motion in limine to exclude all photographs stored on the USB drive and Detective Redding's testimony related thereto, asserting that (1) law enforcement failed to follow the accepted forensic protocol upon viewing the contents of the USB drive, thereby contaminating the media stored on the drive and (2) Detective Redding, who was not qualified as a computer forensic expert, failed to conduct a scientific forensic examination of the USB drive. After a hearing, the trial court admitted the photo-

graphs stored on the USB drive, ruling that any issues concerning law enforcement's handling of the evidence went "to its weight and not its admissibility."

1. Hunt argues that the trial court erred in denying his motion in limine by improperly requiring that he show the inadmissibility of the USB photographs, thereby relieving the State of its burden of proof. We disagree.

"On appeal from the denial of a motion in limine, an appellate court must adopt the trial court's findings of fact unless they are clearly erroneous and not supported by any evidence admitted at the suppression hearing." (Citation and punctuation omitted.) *Bradford v. State*, 274 Ga. App. 659, 661 (3) (618 SE2d 709) (2005).

The record shows that a hearing was held on Hunt's motion in limine on November 20, 2008; however, neither the transcript from that hearing nor the proffer made by Hunt's counsel is included in the record on appeal. "Where[, as here,] the transcript is necessary for review and [Hunt] omits it from the record on appeal, the appellate court must presume the judgment below was correct and affirm." (Citations and punctuation omitted.) *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 747 (1) (559 SE2d 450) (2002); *Bynum v. Horizon Staffing*, 266 Ga. App. 337, 339 (596 SE2d 648) (2004) (burden is on appellant to show error from the record, not from assertions in his appellate brief). Thus, absent the hearing transcript on Hunt's motion in limine, we presume that the trial court's ruling was correct. *Baker*, supra, 274 Ga. at 747 (1).

2. Hunt argues that the State failed to establish that Hunt exercised dominion or control over the USB drive, and therefore, the evidence was insufficient to show that he knowingly possessed material depicting children engaged in sexually explicit conduct. We disagree.

A person commits the offense of sexual exploitation of children when he "knowingly . . . bring[s] or cause[s] to be brought into this state any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." OCGA § 16-12-100 (b) (7). This offense is also committed when any person "knowingly . . . possess[es] or control[s] any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." OCGA § 16-12-100 (b) (8).

Counts 1, 2, and 3 of the indictment alleged that "on the 28th day of June, 2007, [Hunt] did knowingly possess material, to wit: a certain portable memory drive a/k/a a USB flash drive containing images which depict[ ] minor children engaged in sexually explicit conduct, to wit: 'sexual intercourse,' 'masturbation,' and 'sodomy.' " Counts 4 and 5 of the indictment alleged that on the same date, Hunt "did knowingly bring into this state material, to wit: a certain

portable memory drive a/k/a a USB flash drive containing images which depict minor children engaged in sexually explicit conduct, to wit: 'sexual intercourse,' and 'sodomy.' "

The law in Georgia recognizes two kinds of possession, actual and constructive. "Constructive possession exists where a person though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing." (Citation and punctuation omitted.) *Jackson v. State*, 284 Ga. App. 619, 620 (1) (644 SE2d 491) (2007). "As long as there is slight evidence of access, power, and intention to exercise control or dominion over an instrumentality, the question of fact regarding constructive possession remains within the domain of the trier of fact." (Punctuation and footnote omitted.) *Wright v. State*, 279 Ga. App. 299 (1) (630 SE2d 774) (2006). Both knowledge and possession "may be proved, like any other fact, by circumstantial evidence." (Citation and punctuation omitted.) *Abernathy v. State*, 278 Ga. App. 574, 578 (1) (630 SE2d 421) (2006).

Here, the evidence showed that Hunt was a resident of Paragould, Arkansas and had rented Room 508 at the College Park Best Western Hotel from June 23, 2007 until June 28, 2007. In August 2007, the USB drive was found on the fifth floor of the Best Western in which Hunt had stayed as a guest.

Sims testified that the date and time imprinted on a photograph taken from a digital camera is recorded from the digital camera's date and time feature. To the extent that Hunt argues that the State failed to lay a proper foundation for the admissibility of the photographs containing the date and time stamp, Hunt has waived this argument on appeal by failing to object to Sims' testimony. See *Petty v. State*, 260 Ga. App. 38, 39 (1) (579 SE2d 23) (2003). Given Sims' testimony, as above, coupled with the fact that Hunt possessed several computers, a Kodak digital camera, and another Kingston USB thumb drive in his home in Arkansas, a rational trier of fact could find that Hunt took photographs of himself on April 14, 2007 from his home in Arkansas with his digital camera; saved those photographs to the USB drive on April 15, 2007; took the USB drive with him to Georgia, where he stayed at the Best Western in late June 2007; and inadvertently left the USB drive on the fifth floor of the hotel. The jury could also conclude that Hunt knowingly possessed material depicting minors engaged in sexually explicit conduct in light of evidence that on April 15, 2007, thirteen sexually explicit images of children were saved to the USB drive within seconds of the time two photographs of Hunt were saved to such drive. *Jackson*, supra, 284 Ga. App. at 620 (1); *Abernathy*, supra, 278 Ga. App. at 578. Further, on April 29, 2007, six files listing Hunt's name and/or his business, two sexually explicit images of children,

YALE LAW LIBRARY

and two photographs of Hunt were saved to the USB drive within four minutes of each other. And three of the foregoing files listed the name of Hunt's business, Mister Appliance.

Here, Hunt had been a guest at the Best Western prior to the discovery of the USB drive and, further, had the opportunity to access computer equipment from his home in order to save his photographs, files associated with him and his business, and sexually explicit images of children to the USB drive. Thus, the evidence was more than sufficient to exclude every reasonable hypothesis that someone other than Hunt possessed the USB drive when he stayed at the College Park Best Western in June 2007. See OCGA § 24-4-6; *Inglett v. State*, 239 Ga. App. 524, 527 (6) (521 SE2d 241) (1999). Accordingly, the evidence was sufficient to convict Hunt of five counts of sexual exploitation of children beyond a reasonable doubt.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 31, 2010 —
RECONSIDERATION DENIED APRIL 29, 2010.

*Leon Hicks*, for appellant.
*Tracy G. Lawson, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellee.