A11A0698, A11A0699. THE STATE v. MEEKS; and vice versa.
(711 SE2d 403)

SMITH, Presiding Judge.

Casey Jacob Meeks was charged by accusation with electronically furnishing obscene material to a minor, contributing to the delinquency of a minor, three counts of possession of drugs not in the original container, four counts of possession of a dangerous drug, six counts of theft by taking, and six counts of theft by deception. Meeks specially demurred to all twenty-one counts, and the trial court sustained the demurrer as to furnishing obscene material, contributing to delinquency, the three counts of possession of drugs not in the original container, five counts of theft by taking, and five counts of theft by deception. The trial court overruled the demurrer as to the four counts of possession of a dangerous drug and one count each of theft by taking and theft by deception.

In Case No. A11A0698, the State appeals from that portion of the order sustaining the special demurrer as to 15 counts. In Case

---

[11] (Emphasis supplied.)
[12] (Emphasis supplied.)
[13] See OCGA § 44-14-361.2 (a) (2) (A).

No. A11A0699, Meeks appeals from the overruling of the special demurrer as to the remaining six counts. In Case No. A11A0698, we affirm in part because the trial court correctly sustained the demurrers as to Counts 1, 2, 14, and 17 through 20, but reverse in part because the trial court erred in sustaining the demurrer as to Counts 11 through 13, theft by taking. In Case No. A11A0699, we affirm in part because the trial court correctly denied the special demurrer to Counts 6 through 10, but reverse in part because the trial court should have sustained the demurrer as to Count 16, the single remaining count of theft by deception.

## Case No. A11A0698

The State appeals from the trial court's order sustaining the special demurrer in part, on two grounds. With respect to Counts 1 and 2, the charges of electronically furnishing obscene material and contributing to the delinquency of a minor, the State contends that the trial court erred in ruling that the accusation failed to allege the date of the alleged crimes with sufficient specificity because it failed adequately to narrow the range of dates within which they allegedly occurred. With respect to Counts 11 through 14, the charges of theft by taking, and Counts 17 through 20, the charges of theft by deception, the State contends the trial court erred in ruling that these charges were "not distinguishable in any meaningful way" from Count 10 (theft by taking) or Count 16 (theft by deception) or from the other charges in each series.[1] We address these contentions in turn.

"A general demurrer challenges the sufficiency of the *substance* of the indictment or accusation, whereas a special demurrer challenges the sufficiency of the *form* of the indictment or accusation." (Citations and footnote omitted; emphasis in original.) *Newsome v. State*, 296 Ga. App. 490, 491 (675 SE2d 229) (2009). "[T]he true test of the sufficiency of an indictment to withstand a general demurrer, or a motion to quash, is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective." (Citations and punctuation omitted.) *McDaniel v. State*, 298 Ga. App. 558, 559 (680 SE2d 593) (2009).

In contrast [to a general demurrer], when determining whether an indictment [or accusation] is sufficient to with-

---

[1] The State has withdrawn its appeal as to the trial court's ruling that Counts 1 and 2 were deficient in failing to identify the victim. The State has also withdrawn its appeal as to the trial court's grant of the special demurrer as to Counts 3 through 5 of the accusation, and as to Counts 15 and 21 as they included dates outside the statute of limitation.

stand a special demurrer, the applicable standard is not whether the indictment [or accusation] could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. When presented with a special demurrer, the court should examine the indictment [or accusation] from the perspective that the accused is innocent, for this is what the law presumes. Nevertheless, the language of an indictment [or accusation] is to be interpreted liberally in favor of the State, while the accused's objections to the indictment [or accusation], as presented in a special demurrer, are strictly construed against the accused. In reviewing a ruling on a special demurrer, we apply a de novo standard of review, because it is a question of law whether the allegations in the indictment [or accusation] are legally sufficient. Further, because we are reviewing an indictment [or accusation] before any trial, we do not conduct a harmless error analysis to determine if the defendant has actually been prejudiced by the alleged deficiencies in the indictment [or accusation]; rather, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment [or accusation] perfect in form and substance.

(Citations and punctuation omitted.) *State v. Corhen*, 306 Ga. App. 495, 497-498 (700 SE2d 912) (2010).

1. We first consider Counts 1 and 2 of the accusation. "Generally, an indictment [or accusation] which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer." (Citations, punctuation and footnote omitted.) *State v. Layman*, 279 Ga. 340, 340-341 (613 SE2d 639) (2005); see OCGA § 17-7-54 (a) (indictment should state with sufficient certainty time and place of offense).

> Although this Court has recognized an exception to this rule where the evidence does not permit the State to identify a single date on which the offense occurred, the exception does not apply unless the State first presents evidence to the trial court showing that it cannot more specifically identify the dates of the offenses.

(Citation and footnote omitted.) *Howard v. State*, 281 Ga. App. 797,

798 (1) (637 SE2d 448) (2006).

> [I]f an indictment [or accusation] alleges that a crime occurred between two particular dates, and if evidence presented to the trial court shows that the State can reasonably narrow the range of dates during which the crime is alleged to have occurred, the indictment [or accusation] is subject to a special demurrer.

*Layman*, supra, 279 Ga. at 341.

Counts 1 and 2 of the accusation allege that Meeks "did . . . between June 01, 2007 and August 16, 2007," electronically furnish obscene material to a minor child and contribute to her delinquency. The investigating officer testified that the victim gave him "an approximate timeframe" during which she received nude photographs from Meeks. According to the officer, the photographs were transmitted via e-mail and "some text messages through MySpace as well." But the officer acknowledged that he did not "look at time stamps or any of the electronic signature aspect to see when those emails came in," did not recall why he failed to do so, and acknowledged that "we don't know when they came in."

Ordinarily, the date on which a document is created or saved on a computer can be established, see, e.g., *Hunt v. State*, 303 Ga. App. 855, 856 (695 SE2d 53) (2010), as well as the date on which an e-mail was sent or received. See, e.g., *Kuritzky v. Emory Univ.*, 294 Ga. App. 370, 374 (3) (669 SE2d 179) (2008). The State gave no explanation as to why the investigating officer was unable simply to ascertain those dates from his examination of the victim's computer, and the officer was unable to recall why he failed to do so. We agree with the trial court that the State failed to demonstrate an inability to narrow the range of dates within the two-and-a-half months alleged in the accusation. We therefore affirm the trial court's grant of the special demurrer as to Counts 1 and 2 of the accusation.

2. The State next contends that the trial court erred in sustaining the demurrer as to Counts 11 through 14, theft by taking, and Counts 17 through 20, theft by deception. Counts 11 through 14 allege that Meeks took "drugs the property of Dr. Bob Lanier having a value of less than $500.00 with the intention of depriving said owner of said property." Counts 11 through 13 allege a different range of dates within a period varying from nine to twenty-four days, but Count 14 alleges the same nine-day period as Count 13. Each count includes the allegation that it differs from the other counts of theft by taking.

"Where an averment in one count of an accusation or indictment distinguishes it from all other counts, either by alleging a different

set of facts or a different date which is made an essential averment of the transaction, the State may on conviction punish the defendant for the various crimes." (Citations and punctuation omitted.) *Conley v. State*, 281 Ga. App. 841, 843 (2) (637 SE2d 438) (2006). Applying the standard enunciated in *Corhen*, supra, we find that Counts 11 through 13 contain the elements of the offense of theft by taking, inform Meeks of what he must be prepared to meet, and adequately show him to what extent he may plead an earlier acquittal and conviction. *Corhen*, supra, 306 Ga. App. at 497.

> Given that the indictment tracks the language of the relevant Code section for theft by taking and identifies the offense as theft by taking, [defendant] cannot reasonably claim that this language was confusing or misleading such that he did not understand what conduct was unlawful, or that he risked future prosecution for the same offense. [Cit.]

*Falagian v. State*, 300 Ga. App. 187, 193 (3) (684 SE2d 340) (2009). The trial court therefore erred in sustaining the special demurrer as to these three counts.

Count 14, however, alleges a range of dates identical with that alleged in Count 13, and provides no additional facts by which it can be distinguished from that count. Since it alleges neither "a different set of facts [n]or a different date which is made an essential averment of the transaction," *Conley*, supra, 281 Ga. App. at 843 (2), it is entirely duplicative of Count 13. Merely alleging that "[t]his count differs from counts ten through thirteen," without specifying any facts showing in what manner it differs, is insufficient. We therefore affirm the trial court's grant of the special demurrer as to Count 14.

3. The trial court granted the special demurrer as to Counts 17 through 20 of the accusation, concluding that they were, like Counts 11 through 14, duplicative. Applying a de novo standard of review, we affirm the trial court's grant of the demurrer with respect to Counts 17 through 20 of the accusation, but for a different reason. While these counts purport to charge the offense of theft by deception, each count is identical in every respect other than the title of the offense to a corresponding count in Counts 11 through 14. Each alleges the same date range as one of the latter counts and alleges the taking of the same property. Moreover, each count fails to allege any unique element of theft by deception, but simply repeats verbatim the elements of theft by taking; indeed, each count alleges a violation of OCGA § 16-8-2 (theft by taking) instead of OCGA § 16-8-3 (theft by deception).

It is true that

> Georgia's theft by taking statute contains the catch-all phrase "regardless of the manner in which the property is taken or appropriated," which renders the statute broad enough to encompass theft by conversion, theft by deception or any other of the myriad, and even yet-to-be-concocted, schemes for depriving people of their property. Thus, the state may indict someone for theft by taking, but prove theft by deception, which is committed when a person obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property. An accused deceives if he intentionally creates or confirms another's impression of a fact or event which is false, and which the accused knows to be false.

(Citations, punctuation and footnotes omitted.) *Bradford v. State*, 266 Ga. App. 198, 201-202 (2) (596 SE2d 715) (2004). But this elasticity in the theft by taking statute addresses the sufficiency of the *evidence*, not the sufficiency of the indictment. Here, Counts 17 through 20 fail to allege the elements of the offense purportedly charged and are identical in every respect to the corresponding Counts 11 through 14. They neither "contain[ ] the elements of the offense intended to be charged" nor "sufficiently apprise[ ] the defendant of what he must be prepared to meet." Id. at 199 (1); *Corhen*, supra, 306 Ga. App. at 497. We therefore affirm the trial court's grant of the special demurrer as to these counts.

### Case No. A11A0699

4. In a single enumeration of error, Meeks appeals from the trial court's overruling of his special demurrer as to Counts 6 through 9, possession of a dangerous drug, Count 10, theft by taking, and Count 16, theft by deception. As to all these counts, he contends that the accusation was insufficient in that it failed to name with precision the place where the alleged offenses occurred. But, as the trial court observed: "Unless the character of the place is an essential element of the offense, an indictment which charges the crime to have been committed in a particular county is sufficiently certain as to place." (Citations and punctuation omitted.) *Gentry v. State*, 235 Ga. App. 328, 330 (3) (508 SE2d 671) (1998). The trial court did not err in overruling the demurrer on this ground.

5. The trial court correctly overruled the demurrer as to Count

10, theft by taking, for the reasons stated in Division 2, above.[2] But, for the reasons stated in Division 3, we must reverse the trial court's denial of the demurrer as to Count 16, the remaining charge of theft by deception, because the accusation is insufficient.

*Judgments affirmed in part and reversed in part. Mikell and Dillard, JJ., concur.*

DECIDED JUNE 10, 2011.

*Stephanie D. Woodard, Solicitor-General, Amber R. Sowers, Assistant Solicitor-General*, for appellant.
*Banks & Stubbs, Rafe Banks III*, for appellee.

---

[2] Meeks also complains that the "drugs" are not identified. But this is a theft by taking accusation, not one alleging possession of a controlled substance.