# Court of Appeals
# of the State of Georgia

ATLANTA,   February 13, 2015

*The Court of Appeals hereby passes the following order:*

**A15A1023.  ELBERT LEE WILLIAMS v. THE STATE.**

On March 23, 2009, Elbert Lee Williams pled guilty to possession with intent to distribute cocaine, and he was sentence to 30 years with seven years to serve and 23 years to be served on probation.  In May 2014, Williams filed a "Motion for Reissue of Judgment," arguing that the 23 year probationary portion of the sentence was unauthorized.  The trial court denied the motion, and Williams filed this appeal.

In construing Williams's motion, we look to the substance of the motion rather than its nomenclature. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in pleadings, substance controls over nomenclature).  In essence, Williams seeks to have his sentence modified.  Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had when Williams filed his motion, a trial court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  A sentence is void only if it imposes punishment that the law does not allow.  *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

A trial court retains discretion in imposing sentence, and an appellate court will not review a sentence that falls within the parameters prescribed by statute. See *Jackson v. State*, 284 Ga. App. 619, 627 (10) (644 SE2d 491) (2007).  Generally, a judge may suspend or probate all or any part of the entire sentence.  See OCGA § 17-10-1 (a) (1). Here, Williams's 30 year recidivist sentence for possession with intent to distribute falls within the statutory guidelines.  See OCGA § 16-13-30 (d). Under

these circumstances, Williams has failed to raise a valid void sentence claim. Accordingly, his appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*_____02/13/2015_____
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*