# Court of Appeals
# of the State of Georgia

ATLANTA, April 18, 2019

*The Court of Appeals hereby passes the following order:*

## A19A1764. ANTHONY BARKLEY v. THE STATE.

In August 2015, Anthony Barkley pleaded guilty to multiple offenses, including aggravated assault and first-degree burglary. Barkley was sentenced to a total of 20 years, with the first ten to serve in confinement and the second ten years to serve on probation. It does not appear that Barkley appealed his convictions. In October 2018, Barkley filed a "Motion to Modify Sentence," seeking to have the probated portion of his sentence suspended. The trial court denied the motion, and Barkley filed this direct appeal.[1]

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the

---

[1] Barkley filed his notice of appeal in the Georgia Supreme Court, which transferred the case to this Court after finding it did not have jurisdiction. See Case No. S19A0687 (transferred March 4, 2019).

applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

In his motion, Barkley did not assert that this sentence was void, but rather he moved to have the probation portion of his sentence suspended. Generally, a judge may suspend or probate all or any part of the entire sentence. See OCGA § 17-10-1 (a) (1). A trial court retains discretion in imposing sentence, and an appellate court will not review a sentence that falls within the parameters prescribed by statute. See *Jackson v. State*, 284 Ga. App. 619, 627 (10) (644 SE2d 491) (2007). Here, Barkley's 20-year sentence was within the statutory guidelines. See OCGA § 16-5-21 (b) (imprisonment of not less than one nor more than 20 years); OCGA § 16-7-1 (b) (same). Because Barkley has not raised a colorable void-sentence argument, he is not entitled to a direct appeal, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  04/18/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*