# Court of Appeals
# of the State of Georgia

ATLANTA, <u>October 20, 2020</u>

*The Court of Appeals hereby passes the following order:*

**A21A0296. JODY LEE RABY v. THE STATE.**

In 2016, Jody Lee Raby entered negotiated guilty pleas to two counts of computer and electronic child exploitation and was sentenced to twenty years on each count to run consecutively, with the first twelve to serve in confinement and the remaining twenty-eight years on probation. The record contains no indication that Raby filed a direct appeal from his judgment of conviction. In May 2020, Raby filed a "Motion to Vacate a Void Sentence," in which he maintained that his sentence was void because the trial court could not punish him to imprisonment and probation. The trial court denied the motion, and Raby filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Raby argues that his sentence was void because the trial court was required to choose imprisonment or probation. Generally, a judge may suspend or probate all or any part of the entire sentence. See OCGA § 17-10-1 (a) (1). A trial court retains

discretion in imposing sentence, and an appellate court will not review a sentence that falls within the parameters prescribed by statute. See *Jackson v. State*, 284 Ga. App. 619, 627 (10) (644 SE2d 491) (2007).  The trial court sentenced Raby for violating OCGA § 16-12-100 (b) (8), which governs the sexual exploitation of children and is punishable by "imprisonment for not less than five nor more than 20 years." OCGA § 16-12-100 (f) (1).  Thus, Raby's two 20-year sentences were within the statutory guidelines.

Because Raby has not raised a colorable void-sentence argument, he is not entitled to a direct appeal, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__10/20/2020_____*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*