# Court of Appeals
# of the State of Georgia

ATLANTA,  November 19, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0566. JAMIL D. HAYES v. THE STATE.

In February 2017, Jamil D. Hayes entered a negotiated guilty plea to several counts, including armed robbery, voluntary manslaughter, and possession of a firearm during the commission of a felony. The record contains no indication that Hayes filed a direct appeal from his judgment of conviction. In October 2018, Hayes filed a pro se "Motion To Vacate a Void & Illegal Sentence." In his motion, Hayes argued that his sentence is illegal because it did not specifically state that the probated portion of his sentence shall not begin until he completed service of the confinement portion of the sentence. He also argued that the trial judge failed to specify that the term of service under the sentence shall be computed from the date of sentence. The trial court denied Hayes's motion, and Hayes filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Hayes does not challenge the validity of his sentence or argue that the

sentence fell outside the permissible range of punishment. Instead, he argues that his sentence is void because the trial court did not include specific language regarding the start dates of the confinement and probated portions of his sentence. Generally, a judge may suspend or probate all or any part of the entire sentence. See OCGA § 17-10-1 (a) (1). A trial court retains discretion in imposing sentence, and an appellate court will not review a sentence that falls within the parameters prescribed by statute. See *Jackson v. State*, 284 Ga. App. 619, 627 (10) (644 SE2d 491) (2007). To the extent that Hayes seeks to challenge the computation of his sentence, including credit for time served, he must seek relief from the Department of Corrections, not from the trial court. See *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005).

Because Hayes has not raised a colorable void sentence claim, he is not entitled to a direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/19/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*