A98A1180. JOHNSON et al. v. THE STATE.
(504 SE2d 290)

McMURRAY, Presiding Judge.

Defendant Helen Johnson, also known as Helen Clare Elroy, and defendant Randall Edwin Johnson were charged in an indictment "with the offense of THEFT BY DECEPTION (§ 16-8-3) for that the said accused in the County of Richmond and State of Georgia, between the 1st day of March, 1996, and the 30th day of June, 1996, did obtain property, to-wit: United States Currency, the property of Augusta Laboratory, Inc., with a value of $9,413.00, with intention of depriving the owner of said property by deceitful means, in that they did: intentionally create the impression of another, to-wit: Dr. Jan Scholar, of an existing fact, to wit: that Edwin R. Jernigan was a legitimate person representing a South Carolina Corporation, to-wit: Phlebotomy, Inc., and that representatives of Phlebotomy, Inc. performed 5612 phlebotomy procedures and 44 audits of Medical records and procedures for which Augusta Laboratory, Inc., was billed pursuant to an agreement between Phlebotomy, Inc. and Augusta Laboratory, Inc., all of which was false and which the said accused knew to be false. The aforesaid false impressions were created by the way presentation of invoices presented by Phlebotomy, Inc., for payment to Augusta Laboratory, Inc., on Phlebotomy Inc. Invoice numbers 1001, 1002, 1003, and 1004 in which the number of phlebotomy procedures and audits are overstated."

Defendants jointly filed a written demurrer, contending the indictment "fails to allege some specific date on which the purported offense was committed[;] fails to specify whether the alleged offense arises out of a single occurrence or a series of occurrences[; and] is too vague, uncertain and unclear to allow the Defendants to prepare a defense and avoid surprises at trial." Permission to pursue an interlocutory appeal was granted to review the certified order of the superior court overruling this demurrer on each and every ground, and a timely notice of appeal was filed. Defendants' sole enumeration of error contends the trial court erred in overruling their demurrer to the indictment. *Held*:

1. OCGA § 17-7-54 (a) provides a statutory form indictment which directs the grand jury to "state with sufficient certainty the offense and the time and place of committing the same. . . ." "But the defendant is entitled, if he demand it in time, to have a perfect indictment in form as to the essential elements of time and

place. . . ." *Harris v. State*, 58 Ga. 332, 334 (2). This Code section "was not intended to dispense with the substance of good pleading." *Johnson v. State*, 90 Ga. 441, 444 (16 SE 92). Upon special demurrer, the indictment is examined "on the assumption that [the accused is] innocent, [for] this the law presumes. . . ." *Johnson v. State*, 90 Ga. 441, 442, supra. Nevertheless, "[i]t is a well-settled rule in this State, that the language of an indictment is to be interpreted liberally in favor of the State. Penal Code, § 929 [now OCGA § 17-7-54]; *Studstill v. State*, 7 Ga. 2, 16. It follows necessarily from this, that a demurrer raising special objections to an indictment should be strictly construed against the pleader." *Green v. State*, 109 Ga. 536, 538 (1), 540 (35 SE 97).

2. Defendants contend the alleged lack of a specific date or dates on which the purported offense or offenses occurred requires reversal under the authority of *State v. Stamey*, 211 Ga. App. 837 (440 SE2d 725). We disagree. See *Bridges v. State*, 103 Ga. 21, hn. 1 (29 SE 859).

In *State v. Stamey*, 211 Ga. App. 837, supra, that indictment charged those defendants with theft by taking "based on allegations that 'between January 2, 1991, and January 10, 1992'" they did unlawfully possess United States Currency, the property of another valued at more than $500 with the intention of depriving the owner of that property. *State v. Stamey*, 211 Ga. App. 837, supra. The trial court quashed the indictment, in part, for failure to allege when the property was taken, and failure to specify whether the alleged offense constituted a series of thefts or a single occurrence. Id. This Court affirmed, holding that the failure to allege *either* a day or a month within the 53-week period specified rendered the indictment defective under the authority of *Braddy v. State*, 102 Ga. 568 (27 SE 670)[1] and OCGA § 17-7-54 (a) for failure to state the time of the offense with sufficient certainty. *State v. Stamey*, 211 Ga. App. 838 (1) supra. See also *Bailey v. State*, 65 Ga. 410, hn. 1.

But in *Bridges v. State*, 103 Ga. 21, 31 (1), supra, the Supreme Court of Georgia held an indictment alleging defendant Bridges committed embezzlement "on the first day of January, one thousand eight hundred and ninety-four, and on divers other days since that date . . ." (emphasis omitted) sufficiently alleged a date certain. In the case sub judice, the indictment in substance alleges defendants fraudulently obtained money from Augusta Laboratory, Inc., over a specific time period within a single calendar year, "between the 1st day of March, 1996, and the 30th day of June, 1996," by the artifice of

---

[1] The entire decision in *Braddy v. State*, supra is: "An indictment [for adultery] which charges the commission of an offense in a certain year, without naming either the day or month upon which it was committed, is defective, and upon special demurrer thereto before arraignment, should be quashed."

submitting four specified billings which intentionally overstated work performed. The alleged theft by deception plainly occurred in two steps, namely submitting the fraudulent bills and then accepting any tendered payment therefor. In our view, this indictment states the offense and the time with sufficient certainty to allow each defendant, as an innocent accused, to prepare his or her defense and also to afford protection against double jeopardy. See *Wingard v. State*, 13 Ga. 396, 400 (2). Consequently, we do not deem *State v. Stamey*, 211 Ga. App. 837, 838 (1), supra to be controlling in the case sub judice.

3. The indictment is also good as against a general demurrer, in that defendants cannot admit the facts alleged and still be innocent of theft by deception. *Dunbar v. State*, 209 Ga. App. 97 (2), 98 (432 SE2d 829). The trial court correctly overruled defendants' demurrer on each and every ground.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JULY 15, 1998.

*Richard E. Allen*, for appellants.
*Daniel J. Craig, District Attorney, Swift, Currie, McGhee & Hiers, Monique R. Walker*, for appellee.