A06A2204. STRIPLIN v. THE STATE.
(643 SE2d 361)

MIKELL, Judge.

David Brian Striplin appeals his conviction following a jury trial for driving under the influence of alcohol (less safe) and failure to maintain lane, asserting in his sole enumeration of error that the accusation charging him with DUI (less safe) was fatally flawed. For the reasons that follow, we affirm.

The record reflects that on the evening of August 16, 2003, Striplin drove his car across the oncoming lane of traffic, off the road, and head-on into a tree. Striplin, then 19 years old, was alone in the car and was injured in the crash. At trial, the responding officer testified that he observed that Striplin's breath smelled of an alcoholic beverage. Based on his experience as a police officer making DUI arrests, the officer determined that Striplin was under the influence of alcohol to the extent that he was a less safe driver. The officer placed Striplin under arrest for DUI and read to him the implied consent notice for suspects under 21. Striplin agreed to submit to a blood test, which revealed a blood alcohol level of 0.133 grams.

Subsequently, on December 15, 2004, Striplin was charged by accusation with one count of DUI under age 21 per se[1] and one count of failure to maintain lane.[2] Striplin filed general and special demurrers to these charges on March 21, 2005. On May 11, 2005, an amended accusation was filed against Striplin, which added an additional count, alleging DUI (less safe).[3] On May 26, 2005, a reckless driving count was added to the accusation.[4]

Immediately prior to trial, the trial court excluded the results of Striplin's blood test, and the DUI under 21 per se charge was dismissed. The trial proceeded before a jury on the DUI (less safe), reckless driving, and failure to maintain lane counts. The judge granted Striplin's motion for a directed verdict on the reckless driving charge, and the jury was sent out to begin their deliberations on the DUI (less safe) and failure to maintain lane counts. Striplin's counsel then raised his challenge to the second count of the amended accusation, which read:

**COUNT 2**: I, Carmen D. Smith, as Solicitor General for the County of Fulton, State of Georgia, in the name and on behalf of the citizens of Georgia, do hereby charge and accuse DAVID B. STRIPLIN with the offense of DUI UNDER AGE 21, a misdemeanor for that said accused in the County of Fulton, State of Georgia, on the 16th day of August, 2003, did while under the age of 21, drive a moving vehicle and was in

---

[1] See OCGA § 40-6-391 (k) (1) ("[a] person under the age of 21 shall not drive or be in actual physical control of any moving vehicle while the person's alcohol concentration is 0.02 grams or more at any time within three hours after such driving or being in physical control from alcohol consumed before such driving or being in actual physical control ended").

[2] See OCGA § 40-6-48.

[3] See OCGA § 40-6-391 (a) (1) ("[a] person shall not drive or be in actual physical control of any moving vehicle while . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive").

[4] See OCGA § 40-6-390.

actual physical control of a moving vehicle on Riverside Drive while under the influence of alcohol to the extent that it was less safe for the defendant to drive, contrary to the laws of this State, the good order, peace and dignity thereof.

The trial judge ruled that the language in Count 2 regarding "DUI UNDER AGE 21" was mere surplusage and he redacted the count to eliminate any reference to "under age 21." The judge then called the jury back and re-charged them as follows:

I caution you that under the DUI charge, it says DUI under age 21. This language is mere surplusage in this case and you should treat this case no differently, regardless of the age of the Defendant. The fact that he's under 21 as it relates to this charge has no bearing at all. The burden is the same and the proof is the same for under 21 or over 21. . . . So please disregard under the age of 21 because that is mere surplusage and it should not be in this charge.

The redacted accusation was then sent in with the jury. The jury later found Striplin guilty of DUI (less safe) and failure to maintain lane.

On appeal, Striplin argues that the accusation charging him with DUI (less safe) was subject to demurrer because of the language it contained regarding "under age 21." In *State v. Eubanks*,[5] the Supreme Court noted that

an inconsistency between the denomination and the allegations in the indictment is an imperfection, but is one that is subject to a harmless error test on appeal; and . . . a defendant who was not at all misled to his prejudice by any imperfection in the indictment cannot obtain reversal of his conviction on this ground.[6]

Thus, "[i]t is immaterial what the offense is called, if the averments of the presentment are such as to describe an offense against the laws of the state."[7]

---

[5] 239 Ga. 483 (238 SE2d 38) (1977).

[6] Id. at 484 (indictment misnaming crime as theft by deception was not void where acts alleged constituted theft by conversion); accord *Frost v. State*, 269 Ga. App. 54, 57 (2) (603 SE2d 481) (2004) (indictment found sufficient even though it alleged unlawful *receipt* of check rather than unlawful *taking* of check).

[7] (Citations and punctuation omitted.) *Eubanks*, supra; accord *Nye v. State*, 279 Ga. App. 347, 348-349 (1) (631 SE2d 386) (2006) (accusation sufficiently described violation of speeding law even though it named an incorrect Code section through a clerical error).

It is well settled that "the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy."[8] The record in the case before us is clear that Striplin understood the charge against him as driving under the influence of alcohol to the extent he was less safe to drive, in violation of OCGA § 40-6-391 (a) (1). The second count of the accusation against Striplin erroneously included surplus language, as the state conceded in its brief. However, the surplus language regarding "DUI UNDER AGE 21" does not render the accusation void, because the remaining language accurately describes a violation of OCGA § 40-6-391 (a) (1). Although "under 21" is not an element of the offense of driving under the influence (less safe),

> its inclusion was mere surplusage, and can be entirely omitted without affecting the charge and without detriment to the accusation. Mere surplusage will not vitiate an indictment, and need not be established in proof. The material facts which constitute the offense charged must be stated and they must be proved in evidence. But allegations not essential to such purpose, which might be entirely omitted without affecting the charge and without detriment to the indictment, are considered as mere surplusage, and may be disregarded in evidence.[9]

The accusation is sufficient where the defendant could not admit the charges made and still be innocent.[10] Here, Striplin could not admit the charges made — driving under the influence of alcohol to the extent that it was less safe for him to drive — and still be innocent of an offense under OCGA § 40-6-391 (a) (1).

We conclude that the language in the second count of the accusation concerning DUI under age 21 was mere surplusage and was not essential to proving the crime alleged in the remainder of the count.[11] Therefore, the trial court did not err in denying Striplin's demurrer to this count of the accusation.

---

[8] (Citations omitted.) *Eubanks*, supra at 484-485; accord *Dowdell v. State*, 278 Ga. App. 142, 143 (1) (628 SE2d 226) (2006) (indictment held sufficient even though it incorrectly described "armed robbery" as "a theft from a building").

[9] (Citation omitted.) *Broadnax-Woodland v. State*, 265 Ga. App. 669, 672 (2) (595 SE2d 350) (2004) (the word "knowingly" in accusation charging defendant with driving without proof of insurance was mere surplusage); see also *Roseberry v. State*, 251 Ga. App. 856, 858 (3) (554 SE2d 816) (2001) (the word "solely" in accusation charging defendant with making phone calls "solely" to harass the victim was mere surplusage).

[10] *Stinson v. State*, 279 Ga. 177, 179 (2) (611 SE2d 52) (2005) (indictment charging felony murder was sufficient "because [defendant] cannot admit he caused the death of the victim while in the commission of aggravated assault and not be guilty of the crime") (citation omitted).

[11] *Roseberry*, supra.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 8, 2007 — 

*Head, Thomas, Webb & Willis, William C. Head,* for appellant.
*Carmen D. Smith, Solicitor-General, Roland Knaut, R. Leon Benham, Assistant Solicitors-General,* for appellee.