## A10A1600. THE STATE v. CORHEN et al.
(700 SE2d 912)

ELLINGTON, Judge.

The State of Georgia appeals[1] from an order of the Superior Court of Fulton County that granted the defendants' demurrers to an indictment which charged them with residential mortgage fraud, felony theft by deception, or both. On appeal, the State contends that the trial court erred in quashing the indictment, arguing that certain allegations were mere surplusage and did not invalidate the indictment, that the indictment was not duplicitous, and that the indictment was sufficient to withstand general and special demurrers. The State also contends that the trial court erred in granting the defendants' "speaking demurrers." For the following reasons, we reverse the trial court's order.

The record in this case shows that the State charged the defendants with ten counts of residential mortgage fraud, OCGA § 16-8-102,[2] and three counts of felony theft by deception, OCGA § 16-8-3.[3] According to the State, all of the charges arose from a series of allegedly fraudulent real estate sales, in which a seller (Antinino Corhen) obtained inflated appraisals (by Joshua Davis, Sylas Dewitt

---

[1] See OCGA § 5-7-1 (a) (1) (right of the State to appeal from an order dismissing an indictment).

[2] OCGA § 16-8-102 states, in relevant part, as follows:

A person commits the offense of residential mortgage fraud when, with the intent to defraud, such person: . . . (2) Knowingly uses or facilitates the use of any deliberate misstatement, misrepresentation, or omission, knowing the same to contain a misstatement, misrepresentation, or omission, during the mortgage lending process with the intention that it be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process; (3) Receives any proceeds or any other funds in connection with a residential mortgage closing that such person knew resulted from a violation of paragraph (1) or (2) of this Code section; [or] (4) Conspires to violate any of the provisions of paragraph (1), (2), or (3) of this Code section[.]

See also OCGA § 16-8-101 (1) (" 'Mortgage lending process' means the process through which a person seeks or obtains a residential mortgage loan including, but not limited to, solicitation, application, or origination, negotiation of terms, third-party provider services, underwriting, signing and closing, and funding of the loan. . . .").

[3] OCGA § 16-8-3 states, in relevant part, as follows:

(a) A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property.

and Ronald Lovvorn) for four residential properties in the Atlanta area. The seller, assisted by a real estate broker (Jephthah Jenkins) or real estate agents (Alisha Dorsey and Lashane Taylor), found buyers for the properties and then, acting in concert, they allegedly falsified the buyers' mortgage applications by inflating the buyers' income so that the buyers could obtain mortgages. The State contends that none of the properties were actually worth the price the buyers paid for them. After the closings, the seller allegedly paid the broker or agents substantial amounts of money from the sale proceeds without disclosing the payments in the closing documents. The buyers ultimately defaulted on the loans, and the lenders foreclosed upon the properties.[4]

Before trial, the defendants filed general and special demurrers to the indictment, and the trial court conducted a hearing on the demurrers on February 5, 2010. During the hearing, the court expressed concern about the language of the indictment, stating that some of the counts "don't make any sense and they don't put anybody on notice about what they did wrong or should have known [was] wrong." The court ultimately concluded that the indictment was "a mess" and summarily quashed the indictment in its entirety. The court did not articulate the legal basis for its ruling or indicate whether it granted the defendants' general or special demurrers. Consequently, on appeal, we must evaluate whether the indictment is sufficient to withstand both a general and special demurrer.

"The two requirements of an indictment are that it definitively inform the accused of the charges against him, so that he may present his defense and avoid surprises at trial, and that it protect the accused against another prosecution for the same offense." (Citation and punctuation omitted.) *State v. Pittman*, 302 Ga. App. 531, 533 (690 SE2d 661) (2010). To that end, "each count set forth in an indictment must be wholly complete within itself, and plainly, fully, and distinctly set out the crime charged in that count." (Footnote omitted.) *Smith v. Hardrick*, 266 Ga. 54, 55 (1) (464 SE2d 198) (1995).

An accused may challenge the sufficiency of an indictment by filing a general or special demurrer. "A general demurrer challenges the sufficiency of the *substance* of the indictment, whereas a special

---

(b) A person deceives if he intentionally: (1) Creates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false; [or] (2) Fails to correct a false impression of an existing fact or past event which he has previously created or confirmed[.]

[4] In addition to the defendants named above, the indictment also charged three co-defendants with theft by deception. The State subsequently dismissed the charges against two of the co-defendants. The third co-defendant pled guilty to a lesser included offense and is not a party to this appeal.

demurrer challenges the sufficiency of the *form* of the indictment."
(Citation and punctuation omitted; emphasis in original.) *Dunbar v.
State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993).

An indictment shall be deemed sufficiently technical and correct
to withstand a general demurrer if it "states the offense in the terms
and language of this Code or so plainly that the nature of the offense
charged may easily be understood by the jury." OCGA § 17-7-54 (a).
Moreover, if an accused would be guilty of the crime charged if the
facts as alleged in the indictment are taken as true, then the
indictment is sufficient to withstand a general demurrer; however, if
an accused can admit to all of the facts charged in the indictment and
still be innocent of a crime, the indictment is insufficient and is
subject to a general demurrer. *Lowe v. State*, 276 Ga. 538, 540-541 (2)
(579 SE2d 728) (2003).

In contrast, when determining whether an indictment is suffi-
cient to withstand a special demurrer, the applicable standard is

> not whether [the indictment] could have been made more
> definite and certain, but whether it contains the elements of
> the offense intended to be charged, and sufficiently apprises
> the defendant of what he must be prepared to meet, and, in
> case any other proceedings are taken against him for a
> similar offense, whether the record shows with accuracy to
> what extent he may plead a former acquittal or conviction.

(Punctuation and footnote omitted.) *State v. Barnett*, 268 Ga. App.
900, 900-901 (1) (602 SE2d 899) (2004). See *Falagian v. State*, 300
Ga. App. 187, 192-193 (3) (684 SE2d 340) (2009) ("By special
demurrer, an accused claims, not that the charge in an indictment is
fatally defective and incapable of supporting a conviction . . . , but
rather that the charge is imperfect as to form or that the accused is
entitled to more information.") (citations and punctuation omitted).
When presented with a special demurrer, the court should examine
the indictment from the perspective that the accused is innocent, for
this is what the law presumes. Nevertheless, the language of an
indictment is to be interpreted liberally in favor of the State, while
the accused's objections to the indictment, as presented in a special
demurrer, are strictly construed against the accused. *Johnson v.
State*, 233 Ga. App. 450, 451 (1) (504 SE2d 290) (1998). "In reviewing
a ruling on a special demurrer, we apply a de novo standard of
review[,] because it is a question of law whether the allegations in
the indictment are legally sufficient." (Citation and footnote omit-
ted.) *State v. Pittman*, 302 Ga. App. at 531. Further,

> [b]ecause we are reviewing an indictment before any trial,
> we do not conduct a harmless error analysis to determine if

[the defendant] has actually been prejudiced by the alleged deficiencies in the indictment; rather, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance.

(Citation and punctuation omitted.) *State v. Delaby*, 298 Ga. App. 723, 724 (681 SE2d 645) (2009).

1. As an initial matter, the State contends that the trial court erred in considering and granting the defendants' "speaking demurrers."[5] The record shows, however, that the State not only failed to raise this issue below, but, during the hearing on the demurrers, the State acquiesced to and participated in arguments regarding the "facts" underlying the indictment, arguments which it now claims gave rise to the defendants' "speaking demurrers." Under these circumstances, this alleged error is waived. See *Davis v. Phoebe Putney Health System*, 280 Ga. App. 505, 506 (1) (634 SE2d 452) (2006) ("A party cannot participate and acquiesce in a trial court's procedure and then complain of it.") (citation omitted); *Williams v. State*, 277 Ga. App. 106, 108 (2) (625 SE2d 509) (2005) ("We are a court for the correction of errors of law committed by the trial court where proper exception is taken, and we will not consider issues and grounds for objection, even of a constitutional magnitude, which were not raised and determined in the trial court.") (footnote omitted). Moreover, because we are reversing the trial court's dismissal order on other grounds, as shown below, this issue is moot.

2. The State contends that, to the extent that the trial court dismissed the entire indictment based upon language that the State had inserted between Count 1 and Count 2, such dismissal was error. The State argues that such language was unnecessary to any of the counts and, thus, was mere surplusage that did not invalidate the indictment. We agree.

"An allegation in an indictment that is wholly unnecessary to constitute the offenses charged is mere surplusage." (Citation and

---

[5] See *State v. Givens*, 211 Ga. App. 71, 72 (438 SE2d 387) (1993) ("A speaking demurrer is one which alleges some new matter, not disclosed by the pleading (indictment) against which the demurrer is aimed and not judicially known or legally presumed to be true. Such a demurrer presents no question for decision, and . . . present[s] no legal authority for quashing an indictment." Thus, speaking demurrers are void and should never be sustained.) (citations and punctuation omitted); *State v. Holmes*, 142 Ga. App. 847, 848 (237 SE2d 406) (1977) ("A demurrer to an indictment does not reach matters not appearing on its face. A demurrer may properly attack only defects which appear on the face of the indictment[,] and a demurrer which seeks to add facts not so apparent [or to] supply extrinsic matters must fail as a speaking demurrer.") (citations omitted).

punctuation omitted.) *Fair v. State*, 284 Ga. 165, 167 (2) (a) (664 SE2d 227) (2008).

> Mere surplusage will not vitiate an indictment, and need not be established in proof. The material facts which constitute the offense charged must be stated and they must be proved in evidence. But allegations not essential to such purpose, which might be entirely omitted without affecting the charge and without detriment to the indictment, are considered as mere surplusage, and may be disregarded in evidence.

(Punctuation and footnote omitted.) *Striplin v. State*, 284 Ga. App. 92, 95 (643 SE2d 361) (2007).

The record shows that Count 1 of the indictment charges Corhen, Davis, Dewitt, Lovvorn and Taylor with committing residential mortgage fraud, OCGA § 16-8-102 (2), through the use of fraudulent appraisals.[6] Immediately following Count 1, the State inserted the language at issue: "The crime[s] set forth herein in this Count One and all subsequent counts of this indictment [are] part of a pattern of residential mortgage fraud as to Antinino Lauray Corhen, Sylas Y. Dewitt and Joshua Davis." This language suggests that the State may have intended to charge Corhen, Dewitt and Davis with participating in a pattern of residential mortgage fraud[7] pursuant to OCGA § 16-8-105 (b).[8]

Pretermitting whether the language at issue is even sufficient to charge Corhen, Dewitt and Davis with participating in a pattern of residential mortgage fraud, pursuant to OCGA § 16-8-105 (b), it is not set out as a separate count, nor can it be incorporated into Count 1 or any other count, because those counts do not contain language incorporating the charge.[9] Further, the language is not essential to charge an offense under Count 1 or any other count in the indict-

---

[6] See Division 3, infra, regarding the validity of Count 1.

[7] See OCGA § 16-8-101 (2) ("Pattern of residential mortgage fraud" is defined as "one or more misstatements, misrepresentations, or omissions made during the mortgage lending process that involve two or more residential properties, which have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics.").

[8] OCGA § 16-8-105 (b) provides that "[i]f a violation of this article involves engaging or participating in a pattern of residential mortgage fraud . . . , said violation shall be punishable by imprisonment for not less than three years nor more than 20 years, by a fine not to exceed $100,000.00, or both." In contrast, OCGA § 16-8-105 (a) provides that "[a]ny person violating this article shall be guilty of a felony and, upon conviction, shall be punished by imprisonment for not less than one year nor more than ten years, by a fine not to exceed $5,000.00, or both."

[9] See *State v. Pittman*, 302 Ga. App. at 533 ("The indictment is read as a whole, and one part may incorporate other parts.") (citation and punctuation omitted).

ment, so it may be omitted without affecting the validity of the individual charges. *Striplin v. State*, 284 Ga. App. at 95. Finally, to the extent that the language is confusing to the named defendants because it fails to notify them as to what charges they must defend against, disregarding or omitting the language as surplusage resolves that confusion.

Accordingly, we conclude that the language at issue is mere surplusage that does not invalidate the indictment and that may be omitted without affecting the remaining charges. *Striplin v. State*, 284 Ga. App. at 95. To the extent that the trial court's order dismissing the entire indictment was based upon concerns about the impact of this language, it was error.

3. The State contends that, to the extent the trial court sustained a demurrer as to Count 1 on the basis that the count is duplicitous, it was error. We agree.

> OCGA § 16-1-7 (a) (2) prohibits multiple prosecutions, including the defect of duplicity. An accusation is duplicitous if it joins separate and distinct offenses in one and the same count. Duplicity is the technical fault in pleading of uniting two or more offenses in the same count of an indictment. If an indictment is duplicitous, it is subject to demurrer.

(Citations and punctuation omitted.) *Hall v. State*, 241 Ga. App. 454, 459 (1) (525 SE2d 759) (1999).

In this case, Count 1 charges Corhen, Davis, Dewitt, Lovvorn and Taylor with violating OCGA § 16-8-102 (2), when, with intent to defraud, they knowingly used or facilitated the use during the mortgage lending process of two separate appraisal reports for the same property with the intention that the mortgage lender and others would rely on the appraisal reports. The count also alleges that both of the appraisals at issue were performed on the same day, December 10, 2005, with one appraisal falsely valuing the property at $280,000, and the other at $325,000.

As presented, this count charges each of the named defendants with committing one offense, a violation of OCGA § 16-8-102 (2), to wit: intentionally and knowingly using or facilitating the use of a deliberate misstatement or misrepresentation regarding the value of a single property during the mortgage lending process with the intention that it be relied on by a mortgage lender, a borrower, or others. The fact that the count refers to the use of more than one fraudulent document by the defendants does not render the count invalid and subject to demurrer on the basis of duplicity when the

count itself charges only one offense.[10] See generally, *Johnson v. State*, 233 Ga. App. 450, 450-452 (1), (2) (504 SE2d 290) (1998) (rejecting a challenge by demurrer to an indictment which alleged one count of theft by deception based on four separate invoices as part of a scheme to obtain money under false pretenses).

4. As to the remaining counts of the indictment, we agree with the State's contention that the trial court erred in sustaining the defendants' general and special demurrers.

Without quoting each of the counts herein, we conclude that each count is sufficient to withstand a general demurrer because it states the offense in the statutory language or so plainly that the nature of the offense charged may easily be understood by the jury, and each of the named defendants would be guilty of the crime charged if the facts as alleged in the count are taken as true. OCGA § 17-7-54 (a); *Lowe v. State*, 276 Ga. at 540-541 (2). Further, each count is sufficient to withstand a special demurrer because it contains the elements of the offense intended to be charged and sufficiently apprises each of the named defendants of what he or she must be prepared to defend against by identifying the specific statute and subsection under which he or she was charged, giving the date(s) on which each crime was committed, describing the manner in which the crime was committed, providing the address of each residential property at issue, identifying the victim(s) of each crime, and, when applicable, providing the exact monetary figure(s) for the fraudulent misrepresentations or omissions or the value of the stolen property. *State v. Barnett*, 268 Ga. App. at 900-901 (1); see *Falagian v. State*, 300 Ga. App. at 191-193 (3) (the trial court did not err in denying a defendant's general and special demurrers to an indictment charging him with theft by taking because the indictment tracked the language of theft by taking, sufficiently placed him on notice of the charges against him, and, if he admitted the conduct alleged in the indictment, he would not be innocent of the crime); *Bradford v. State*, 266 Ga. App. 198, 198-200 (1) (596 SE2d 715) (2004) (accord).

Moreover, each count is sufficient to charge each of the named defendants as either the actual perpetrator or as a party to the crime.[11]

---

[10] Moreover, as explained more fully in Division 4, infra, the extent to which each of the named defendants was involved, as either the actual perpetrator or as a party to the crime, in using or facilitating the use of either or both of the fraudulent appraisal reports is an issue of fact which the State must prove at trial, but is not a fact that must be alleged in the indictment in order to charge an offense and survive a demurrer.

[11] Under OCGA § 16-2-20 (a), "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." A person is a party to a crime if he or she directly commits the crime, "[i]ntentionally aids or abets in the commission of the crime," or "[i]ntentionally advises, encourages, hires, counsels, or

> Any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto, although the person claimed to have directly committed the crime has not been prosecuted or convicted, has been convicted of a different crime or degree of crime, or is not amenable to justice or has been acquitted.

OCGA § 16-2-21. In other words, OCGA § 16-2-21 does not require that a person be specifically identified as a party to the crime, as opposed to the actual perpetrator, in the indictment; instead, as long as there is proof at trial that the person was a party to the crime, the person may be convicted and punished for that crime. *Byrum v. State*, 282 Ga. 608, 609 (2) (652 SE2d 557) (2007); see *State v. Military Circle Pet Center No. 94*, 257 Ga. 388, 390 (360 SE2d 248) (1987) (accord). It follows that, where several people are jointly indicted for a single offense, each person may be convicted of that offense upon evidence showing that he or she either was the actual perpetrator of the crime or was a party to the crime. *Johnson v. State*, 148 Ga. 546, 547 (97 SE 515) (1918). Accordingly, the State was not required to specify in each count of the indictment whether each of the named defendants was being charged as the actual perpetrator or as a party to the crime, as that merely presents an issue of fact for resolution by the jury. See *Gilford v. State*, 295 Ga. App. 651, 654 (1) (673 SE2d 40) (2009) (a defendant who helped another woman misrepresent the source of her down payment for a house and, in the process, defrauded the mortgage lender, was convicted as a party to the crime of residential mortgage fraud; this Court affirmed the conviction on appeal).

Finally, to the extent the trial court dismissed the indictment on the basis that it was unclear whether the State would be able to prove its allegations at trial, such a ruling was error, because the State was not required to set out its evidence in response to the demurrers. See *State v. Benton*, 305 Ga. App. 332, 336 (699 SE2d 767) (2010) (although the trial court may have doubted whether the

---

procures another to commit the crime." OCGA § 16-2-20 (b) (1), (3), (4).

Further, as to Count 3, which charges Corhen, Davis, Dewitt and Taylor with conspiring to commit residential mortgage fraud, OCGA § 16-8-102 (4), "[w]here individuals enter into a conspiracy to commit a crime, its actual perpetration by one or more of them in pursuance of such conspiracy is in contemplation of law the act of all, and therefore is imputable to all, regardless of their presence or absence at the time it is committed." (Citations omitted.) *Chambers v. State*, 194 Ga. 773, 781 (22 SE2d 487) (1942). Thus, when charging a conspiracy, the State is required to state the offense with which the defendants are charged, but not the role each played during the conspiracy. Id. at 784.

State would ultimately be able to carry its burden of proving the defendant's guilt beyond a reasonable doubt at trial, it abridged the State's right to prosecute the defendant when it dismissed the accusation on that basis, before the State was required to put forth its evidence); see also *Jackson v. State*, 208 Ga. App. 391, 392 (1) (430 SE2d 781) (1993) (When considering a general demurrer, "[t]he legal sufficiency of the pleading, not the evidence, is the issue.") (citation omitted). In fact,

> [a] motion seeking to dismiss an indictment on the ground that the [S]tate cannot prove facts essential to the charge is analogous to a motion for summary judgment in a civil case, and there is no basis in Georgia criminal practice for what, in civil practice, would be termed a motion for summary judgment.

(Punctuation and footnotes omitted.) *Rader v. State*, 300 Ga. App. 411, 417 (3) (b) (685 SE2d 405) (2009).

Consequently, the trial court erred in sustaining the defendants' demurrers as to the remaining counts of the indictment.

5. In sum, we hold that all 13 counts of the indictment are legally sufficient to withstand the defendants' general and special demurrers, notwithstanding the superfluous language that follows Count 1. Accordingly, we reverse the trial court's order sustaining the defendants' demurrers and dismissing the indictment.

*Judgment reversed. Andrews, P. J., and Doyle, J., concur.*

DECIDED SEPTEMBER 15, 2010 —
RECONSIDERATION DENIED OCTOBER 18, 2010 —

*Paul L. Howard, Jr., District Attorney, Patricia A. Hooks, Lenny I. Krick, Assistant District Attorneys*, for appellant.

*Elizabeth V. Rogan, Dennis C. Francis, Jr., John W. Kraus, Manubir S. Arora, Tawanna L. Payton, Stephen R. Scarborough*, for appellees.

