A10A0982. THE STATE v. RAMIREZ-HERRARA.
(703 SE2d 429)

DOYLE, Judge.

Alberto Ramirez-Herrara was charged with five counts of violating the Georgia Street Gang Terrorism and Prevention Act (the

---

"Anti-Gang Act"),[1] two counts of obstructing a law enforcement officer,[2] two counts of possessing a firearm during the commission of a felony,[3] carrying a concealed weapon,[4] and two counts of giving false information to a law enforcement officer.[5] The trial court granted Ramirez-Herrara's general demurrer as to the Anti-Gang Act charges (Counts 1-5), and the State appeals. We reverse for reasons that follow.

1. At the outset, we address the jurisdictional basis for this appeal.[6] OCGA § 5-7-1 (a) (1) provides that

> [a]n appeal may be taken by and on behalf of the State of Georgia from the superior courts . . . and such other courts from which a direct appeal is authorized to the Court of Appeals of Georgia and the Supreme Court of Georgia in criminal cases . . . [f]rom an order, decision, or judgment setting aside or dismissing any . . . accusation . . . or any count thereof.

Here, by granting the demurrer as to the Anti-Gang Act charges, the trial court effectively dismissed those five counts. "When the ruling of the trial court is in substance a dismissal of the indictment, the State may appeal an order dismissing an indictment under OCGA § 5-7-1 (a) (1). . . ."[7] Thus, the order granting the demurrer as to five of the twelve counts is directly appealable under OCGA § 5-7-1 (a).[8]

2. The State argues that the trial court erred by granting Ramirez-Herrara's general demurrer as to the Anti-Gang Act counts because the indictment was legally sufficient. We agree and reverse.

Pursuant to OCGA § 17-7-54 (a), an indictment "shall be deemed sufficiently technical and correct" if it "states the offense in the terms and language of [the Georgia] Code or so plainly that the nature of the offense charged may easily be understood by the jury."

---

[1] OCGA § 16-15-4 (a).

[2] OCGA § 16-10-24.

[3] OCGA § 16-11-106 (b) (1).

[4] OCGA § 16-11-127 (a).

[5] OCGA § 16-10-25.

[6] Although Ramirez-Herrara did not file a separate motion to dismiss this appeal, he challenges jurisdiction in his brief.

[7] (Punctuation omitted.) *State v. Yapo*, 296 Ga. App. 158, 159 (1) (674 SE2d 44) (2009).

[8] See id.; *State v. Tuzman*, 145 Ga. App. 481, 482 (1) (243 SE2d 675) (1978) ("To say that an order cannot be final if it does not dispose of the entire indictment is to reduce to a nullity the 'any count thereof' language of [the Code section]. It is obvious, then, that the legislature recognized that an order final as to one count of an indictment was final enough for a direct appeal by the [S]tate.").

> [I]f an accused would be guilty of the crime charged if the facts as alleged in the indictment are taken as true, then the indictment is sufficient to withstand a general demurrer; however, if an accused can admit to all of the facts charged in the indictment and still be innocent of a crime, the indictment is insufficient and is subject to a general demurrer.[9]

Here, the State charged in the indictment that Ramirez-Herrara, "being associated with MS-13, a criminal street gang, did unlawfully participate in criminal street gang activity through the commission of [the specific offenses listed in Counts 6 through 10 of the indictment]. OCGA § 16-15-4 (a) of the Anti-Gang Act provides that it is "unlawful for any person employed by or associated with a criminal street gang to conduct or participate in criminal gang activity through the commission of [specifically enumerated offenses]."[10] Each of the Anti-Gang Act counts alleged in the indictment tracks the language of the Anti-Gang Act statute and

> is sufficient to withstand a general demurrer because it states the offense in the statutory language or so plainly that the nature of the offense charged may easily be understood by the jury, and each of the named defendants would be guilty of the crime charged if the facts as alleged in the count are taken as true.[11]

Accordingly, the trial court erred by granting Ramirez-Herrara's demurrer.

3. The trial court's order granting the demurrer states that "pursuant to the evidence proffered by both the State and the Defense . . . OCGA § 16-15-4 et seq[.] does not [apply] to the facts of this case in that they fail to establish a nexus between the alleged offenses in [C]ounts 6-11 and criminal street gang activity."[12] The

---

[9] *State v. Corhen*, 306 Ga. App. 495 (700 SE2d 912) (2010).

[10] Neither party disputes that the commission of the crimes alleged in Counts 6 through 10 may constitute "criminal gang activity" as defined in OCGA § 16-15-3 (1).

[11] *Corhen*, 306 Ga. App. at 501 (4). See *Falagian v. State*, 300 Ga. App. 187, 191-193 (3) (684 SE2d 340) (2009) (affirming denial of demurrer to indictment for theft by taking); *Bradford v. State*, 266 Ga. App. 198, 198-200 (1) (596 SE2d 715) (2004) (same).

[12] The trial court relied upon *Rodriguez v. State*, 284 Ga. 803, 807 (1) (671 SE2d 497) (2009) (holding that OCGA § 16-15-4 (a) requires active gang participation by the defendant and "some nexus between the act and an intent to further street gang activity") (punctuation omitted).

trial court's grant of the demurrer based on the insufficiency of the proffered evidence was erroneous because

> the State was not required to set out its evidence in response to the demurrer[ ]. . . . *When considering a general demurrer, the legal sufficiency of the pleading, not the evidence, is the issue.* In fact, a motion seeking to dismiss an indictment on the ground that the State cannot prove facts essential to the charge is analogous to a motion for summary judgment in a civil case, and there is no basis in Georgia criminal practice for what, in civil practice, would be termed a motion for summary judgment.[13]

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 19, 2010 — 

*Gwendolyn Keyes Fleming, District Attorney, Michael S. Carlson, Assistant District Attorney, Bondurant, Mixson & Elmore, John E. Floyd*, for appellant.

*Ingrid J. McGaughey, Gerard B. Kleinrock*, for appellee.

---

[13] (Citations and punctuation omitted; emphasis supplied.) *Corhen*, 306 Ga. App. at 502 (4).